IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHRIS GRINDLING,<br>#26868-506,<br><br>        Plaintiff,<br><br>   vs.<br><br>BEN LOWENTHAL; *et al.*,<br><br>        Defendants. | CIVIL NO. 26-00345 LEK-RT<br><br>ORDER DISMISSING PRISONER<br>CIVIL RIGHTS COMPLAINT WITH<br>PARTIAL LEAVE TO AMEND |

## <u>ORDER DISMISSING PRISONER CIVIL RIGHTS COMPLAINT WITH PARTIAL LEAVE TO AMEND</u>

Before the Court is pro se Plaintiff Chris Grindling's Prisoner Civil Rights Complaint (Complaint).  Dkt. No. 1.  Grindling is a pretrial detainee at the Federal Detention Center in Honolulu, Hawaii (FDC Honolulu), who is awaiting trial in *United States v. Grindling*, No. 1:25-cr-00066-LEK (D. Haw.).  *See id.* at pg. 1. Grindling alleges in the Complaint that two prison officials at FDC Honolulu forced him to sleep on a top bunk even though he weighs 300 pounds and is sixty years old (Count I), four defense attorneys violated his rights in connection with his ongoing criminal case (Count II), and an unspecified number of unidentified

actors violated his rights in a variety of ways (Count III).[1]  Dkt. No. 1 at pgs. 5–10.

After conducting the screening required by 28 U.S.C. § 1915A(b), the Court

DISMISSES the Complaint with partial leave to amend.

If Grindling wants to proceed with this action, he must file an amended

pleading that cures the noted deficiencies in his claims on or before **August 31,**

**2026**.  Alternatively, Grindling may inform the Court in writing on or before

**August 31, 2026**, that he would like to voluntarily dismiss this action pursuant to

Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, and such a dismissal

will not count as a "strike" under 28 U.S.C. § 1915(g).  Failure to comply with the

Court's instructions could result in automatic dismissal of this action pursuant to

Rule 41(b).

## I.  <u>BACKGROUND</u>

Grindling alleges the following facts in the Complaint, which the Court

accepts as true for the purposes of screening.  *See Nordstrom v. Ryan*, 762 F.3d

903, 906 (9th Cir. 2014).  In July 2025, Grindling began complaining about having

to sleep on a top bunk because, according to Grindling, he is sixty years old and

weighs 300 pounds.  Dkt. No. 1 at pg. 5.  According to Grindling, more able-

bodied inmates slept on bottom bunks.  *Id.*  Climbing up to and down from his

---

[1] Grindling names in their individual and official capacities Ben Lowenthal, Melinda Miyaga (Melinda Yamaga), Andrew Kennedy, Mathew Manisto (Matthew Mannisto), Unit Manager Kealanui, and Warden Dosonj (Dosanj).  Dkt. No. 1 at pgs. 1–2.

bunk resulted in Grindling injuring his right knee, ankle, wrist and elbow. *Id.* Grindling alleges that Unit Manager Kealanui was responsible for his bunk assignment, and Warden Dosanj is responsible for FDC Honolulu's policies. *Id.*

In connection with his ongoing federal criminal case, Grindling alleges that four defense attorneys conspired to violate his rights. *Id.* at pg. 6–9. According to Grindling, the attorneys refused to file certain pretrial motions and to present evidence. *Id.*

Finally, Grindling alleges that, while detained at FDC Honolulu, he experienced delays sending money to defense attorneys and the court, he did not have access to certain legal books, he was housed in the special housing unit for three weeks, and he did not receive protein with breakfast. *Id.* at pg. 10.

Grindling commenced this action after signing the Complaint on July 4, 2026. *Id.* at pg. 11. In the Complaint, Grindling alleges that he was unlawfully forced to sleep on a top bunk despite his weight and age (Count I), four defense attorneys violated his rights in connection with his ongoing criminal case (Count II), and an unspecified number of unidentified actors violated his rights in a variety of ways (Count III). *Id.* at pgs. 5–10. Grindling seeks $2 million in damages and unspecified injunctive relief. *Id.* at pg. 11. The Court received the filing fee associated with this lawsuit on July 27, 2026. Dkt. No. 4.

## II.  STATUTORY SCREENING

Pursuant to 28 U.S.C. § 1915A(a), the Court is required to screen all prisoner pleadings against government officials.  *See Byrd v. Phx. Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018).  Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed.  28 U.S.C. § 1915A(b); *see Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under 28 U.S.C. § 1915A(a) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6).  *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam).  Under this standard, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).  A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.  *See id.*

In conducting this screening, the Court liberally construes pro se litigants' pleadings and resolves all doubts in their favor.  *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  The Court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint.  *See Lopez*, 203 F.3d

4

at 1130.  When a claim cannot be saved by amendment, dismissal with prejudice is appropriate.  *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

### III.  DISCUSSION

**A.  Legal Framework for Claims under 42 U.S.C. § 1983**

Grindling marked a box on the Complaint indicating that his claims are based, at least in part, on 42 U.S.C. § 1983.  ECF No. 1 at pg. 1.

"Section 1983 provides a cause of action against '[e]very person who, under color of' law deprives another of 'rights, privileges, or immunities secured by the Constitution.'"  *Cornel v. Hawaii*, 37 F.4th 527, 531 (9th Cir. 2022) (quoting 42 U.S.C. § 1983) (alteration in original).  To state a claim under 42 U.S.C. §1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Park v. City & County of Honolulu*, 952 F.3d 1136, 1140 (9th Cir. 2020).

To the extent the events described in the Complaint occurred while Grindling was a federal pretrial detainee, and he seeks to assert claims against federal prison officials and defense attorneys from his ongoing federal criminal case, he cannot do so under 42 U.S.C. § 1983.  *Morse v. N. Coast Opportunities, Inc.*, 118 F.3d 1338, 1343 (9th Cir. 1997) ("[B]y its very terms, § 1983 precludes

5

liability in federal government actors."); *Grindling v. Spears*, No. CV 26-00139 LEK-WRP, 2026 WL 1363072, at *2–3 (D. Haw. May 15, 2026).  Any claims brought under 42 U.S.C. § 1983 are therefore DISMISSED with prejudice.

## B.  *Bivens*

To the extent Grindling seeks damages against two prison officials and four of his defense attorneys, he also relies on *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  Dkt. No. 1 at pg. 1.

In *Bivens*, the Supreme Court recognized a cause of action for damages against federal officials in their individual capacities who violate a person's constitutional rights.  The Supreme Court has said, however, that recognizing such a cause of action is now a "disfavored judicial activity."  *Egbert v. Boule*, 596 U.S. 482, 491 (2022) (internal quotation marks and citation omitted).

In *Bivens* cases, the Court applies a two-step framework to decide whether a remedy exists.  At step one, the Court asks "whether the case presents 'a new *Bivens* context'—*i.e.*, is it 'meaningful[ly]' different from the three cases in which the Court has implied a damages action."[2]  *Egbert v. Boule*, 596 U.S. 482, 492

---

[2] In *Bivens*, the Court held that a plaintiff could seek damages from Federal Bureau of Narcotics agents who allegedly violated the Fourth Amendment right to be free from unreasonable searches and seizures.  403 U.S. at 397.  The Court extended the *Bivens* remedy in *Davis v. Passman*, where a plaintiff alleged that her employer, a Member of Congress, had discriminated against her because of her sex, in violation of the Due Process Clause of the Fifth Amendment.  442 U.S. 228, 230–31 (1979).  Finally, in *Carlson v. Green*, the Court held that the estate of a deceased inmate could seek damages from federal prison officials who allegedly violated the inmate's Eighth Amendment right to be free from cruel and unusual punishment by

(2022) (quoting *Ziglar v. Abbasi*, 582 U.S. 120, 139–40 (2017)) (alteration in original).  If a case presents a new context, the Court proceeds to the second step.  At step two, the Court asks whether "there are 'special factors' indicating that the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed.'"  *Egbert*, 596 U.S. at 492 (quoting *Ziglar*, 582 U.S. at 135–36).  "If there is even a single 'reason to pause before applying *Bivens* in a new context,' a court may not recognize a *Bivens* remedy."  *Egbert*, 596 U.S. at 492 (quoting *Hernandez v. Mesa*, 589 U.S. 93, 103 (2020)).

### 1.  Conditions of Confinement Claims

To the extent Grindling seeks damages in Cout I against two officials at FDC Honolulu who forced him to sleep on a top bunk, those claims are based on the conditions of his confinement.[3]  Any such claims arise under the Fifth Amendment's Due Process Clause.  *See Cramer v. Jenkins*, No. CV 23-4659-

---

failing to treat severe asthma that ultimately resulted in the prisoner's death.  446 U.S. 14, 16–18 (1980).

[3] Grindling marked a box indicating that his claims in Count I are based on medical care, Dkt. No. 1 at pg. 5, but the factual allegations do not support such a claim.  To the extent Grindling injured his right knee, ankle, wrist, and elbow, he does not allege that he was denied adequate medical care.  Nor does Grindling allege that there was a medical need for him to be assigned to a bottom bunk, or that a medical professional had ever authorized such a placement.  The crux of Grindling's claims appears to be that it was unsafe to assign him to a top bunk, and that placement ultimately led to him being injured.  Such claims are based on the conditions of Grindling's confinement, not the adequacy of the medical care he received.

SSS(E), 2023 WL 6783509, at *5 n.3 (C.D. Cal. Sept. 7, 2023) ("As a federal pretrial detainee, [plaintiff's unconstitutional conditions of confinement] claims arise under the Due Process Clause of the Fifth Amendment."), *report and recommendation adopted*, No. 2:23-CV-04659-SSS-E, 2023 WL 8257963 (C.D. Cal. Nov. 29, 2023).

Because the Supreme Court has never recognized a *Bivens* remedy for a federal pretrial detainee asserting a Fifth Amendment conditions-of-confinement claim, this case presents a new context. *See Ryan v. Warden of MCC San Diego*, No. 3:26-cv-01516-JES-AHG, 2026 WL 1433965, at *3 (S.D. Cal. May 21, 2026) ("Plaintiff's claim is based on the Due Process Clause because he was a pretrial detainee and as such, it also presents a "new context" under *Bivens*.").

The Court cannot recognize a *Bivens* remedy in this context, however, because Grindling has alternative remedies available to him.  For example, he has available to him the Federal Bureau of Prisons' alternative remedial program.  *See* 28 C.F.R. § 542.10(a) ("The purpose of the Administrative Remedy Program is to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement."); *see also Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 74 (2001) (concluding that *Bivens* remedy was unavailable, in part, because "[i]nmates ... have full access to remedial mechanisms established by the BOP, including . . . grievances filed through the BOP's Administrative Remedy

8

Program"); *Williams v. Verna*, No. 19-15978, 2023 WL 5221062, at *2 (9th Cir. Aug. 15, 2023) (stating that the BOP's administrative grievance procedure "provides an alternative remedial structure that precludes *Bivens* relief"); *Hoffman v. Preston*, No. 20-15396, 2022 WL 6685254, at *1 (9th Cir. Oct. 11, 2022) ("Congress has not authorized a damages remedy in this context, and there are 'rational reason[s],' why it might not, for example, the existence of the Bureau of Prisons' formal review process for inmate complaints.") (citation omitted and brackets in original).

Additionally, Congress provided an alternative remedy through the Federal Tort Claims Act ("FTCA"). *See Schwarz v. Meinberg*, 761 F. App'x 732, 734–35 (9th Cir. 2019) (identifying the FTCA as an alternative process available to federal prisoners); *Prescott v. United States*, No. 2:20-cv-2740-SB (SK), 2022 WL 18859316, at *2 (C.D. Cal. Dec. 21, 2022) ("[A]ggrieved federal prisoners can bring suit for damages against the United States for the torts of its federal employees under the [FTCA]."), *report and recommendation adopted*, No. 2:20-cv-2740-SB (SK), 2023 WL 2188692 (C.D. Cal. Feb. 22, 2023); *Donaldson v. Garland*, No. 2:21-cv-1178 TLN KJN P, 2022 WL 10189084, at *3 (E.D. Cal. Oct. 17, 2022) ("[P]laintiff has alternative remedies available to him, including the Bureau of Prisons administrative grievance process and a federal tort claims

9

action."), *report and recommendation adopted*, No. 2:21-cv-1178 TLN KJN P, 2022 WL 17722326 (E.D. Cal. Dec. 15, 2022).

Considering the foregoing, to the extent Grindling seeks damages against Unit Manager Kealanui and Warden Dosanj in Count I, those claims are DISMISSED with prejudice because no *Bivens* remedy is available.

### 2. Claims Against Defense Attorneys

To the extent Grindling also seeks damages in Count II against four defense attorneys, no *Bivens* remedy is available because Grindling's defense attorneys are not federal officials. *See Wright v. Long*, No. 2:25-cv-0690-DC-JDP (PS), 2025 WL 1004159, at *2 (E.D. Cal. Apr. 3, 2025) (stating generally that defense attorneys are not considered federal government actors for purposes of *Bivens*), *report and recommendation adopted* No. 2:25-cv-0690-DC-JDP (PS), 2025 WL 1755231 (E.D. Cal. June 25, 2025); *see also Ornelas v. U.S. Dep't of Just.*, No. 8:25-cv-02239-MCS-JC, 2026 WL 127739 (C.D. Cal. Jan. 9, 2026) (concluding that no *Bivens* remedy is available against a deputy federal public defender).

Grindling's claims in Count II against four of his attorneys are therefore DISMISSED with prejudice.

## C.  Injunctive Relief

In Count III, Grindling suggests that he is seeking unspecified injunctive relief against unidentified prison officials based on a variety of violations of his rights.  Dkt. No. 1 at pg. 10.

In some circumstances, a plaintiff may file a non-*Bivens* action to stop ongoing constitutional violations.  *See Bacon v. Core Civic*, No. 2:20-cv-00914-JAD-VCF, 2020 WL 3100827, at *6 (D. Nev. June 10, 2020) (footnote omitted).  For example, injunctive relief might be available where a plaintiff: (1) invokes jurisdiction under 28 U.S.C. § 1331; (2) alleges facts sufficient to state a colorable ongoing constitutional claim; (3) sues and identifies the person who would be responsible for carrying out any order for injunctive relief; and (4) requests particular injunctive relief that is specifically and narrowly targeted to resolving the ongoing violation.  *See id.*

Although Grindling marked a box indicating that his claims arise in part under 28 U.S.C. § 1331, at this point, he has not stated a colorable claim in Count III based on an ongoing violation of his constitutional rights.  For example, he does not say who allegedly violated his rights and when they did so.  Additionally, Grindling has not said who would be responsible for carrying out an order for injunctive relief, nor has he identified "specifically and narrowly tailored relief."

11

Grindling's claims for injunctive relief in Count III are therefore DISMISSED with leave to amend.  In deciding which claim or claims in Count III, if any, he wants to pursue, Grindling must also consider the following joinder rules.

**D.  Joinder**

When a single defendant is named in a lawsuit, a party may bring as many claims as it has against that defendant. Fed. R. Civ. P. 18(a).  "To name different defendants in the same lawsuit, however, a plaintiff must satisfy Rule 20, governing joinder of parties." *Weeks v. Espinda*, No. CIV 10-00305 JMS/KSC, 2010 WL 2218631, at *3 (D. Haw. June 2, 2010).  Rule 20(a)(2) allows multiple defendants to be joined in one action only if (1) any right to relief is asserted against them jointly, severally, or with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) any question of law or fact common to all defendants will arise in the action.  Fed. R. Civ. P. 20(a)(2)(A), (B).  "Unrelated claims involving different defendants belong in different suits." *What v. Honolulu Police Dep't*, No. CIV. 13-00373 HG-RLP, 2014 WL 176610, at *4 (D. Haw. Jan. 13, 2014).

If Grindling decides to file an amended complaint, he should make clear the connection, if any, between any included claims.  Grindling may state several claims against a single defendant. Fed. R. Civ. P. 18.  He may also add any

additional claims against other defendants, if those claims arise from the same transaction, occurrence, or series of transactions as his original claim.  Fed. R. Civ. P. 20(a)(2).  Grindling may not, however, pursue a combination of unrelated claims in a single suit.  *See Char v. Kaiser Hosp.*, No. CV 18-00345 JAO-RLP, 2019 WL 80890, at *3 (D. Haw. Jan. 2, 2019) ("Unrelated claims involving different defendants must be brought in separate actions.").  The fact that Grindling's various claims are all based on events that occurred at FDC Honolulu, without more, is not enough to join them in a single lawsuit.  *See Woolen v. Ramos*, No. CV 24-00158 LEK-KJM, 2024 WL 3361116, at *4 (D. Haw. July 10, 2024).  An attempt to join claims that are not permitted by the Federal Rules of Civil Procedure will result in those claims being dismissed as improperly joined.

## IV.  **LEAVE TO AMEND**

The Complaint, Dkt. No. 1, is DISMISSED with partial leave to amend. Grindling must file any amended pleading on or before **August 31, 2026**. Grindling may not expand his claims beyond those already alleged herein or add new claims without explaining how any new claims relate to the claims alleged in the Complaint.  Claims that do not properly relate to those in the Complaint are subject to dismissal.

Grindling must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii.  Local Rule 10.4 requires that an amended

13

complaint be complete in itself, without reference to any prior pleading.  An

amended complaint must be short and plain, comply with Rule 8 of the Federal

Rules of Civil Procedure, and be submitted on the Court's prisoner civil rights

form.  *See* LR99.2(a).  An amended complaint will supersede the preceding

complaint.  *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th

Cir. 2015).  Defendants not renamed and claims not realleged in an amended

complaint may be deemed voluntarily dismissed.  *See Lacey v. Maricopa County*,

693 F.3d 896, 928 (9th Cir. 2012).

## V.  <u>28 U.S.C. § 1915(g)</u>

If Grindling fails to file an amended complaint or is unable to amend his

claims to cure their deficiencies, this dismissal may count as a "strike" under

28 U.S.C. §1915(g).  Under this "3-strikes" provision, a prisoner may not bring a

civil action or appeal a civil judgment in forma pauperis,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## VI.  <u>CONCLUSION</u>

(1) The Court DISMISSES the Complaint, Dkt. No. 1, with partial leave to

amend.

(2) If Grindling wants to proceed with this action, he must file an amended pleading that cures the noted deficiencies in his claims on or before **August 31, 2026**.

(3) ALTERNATIVELY, instead of filing an amended pleading, Grindling may inform the Court in writing on or **August 31, 2026**, that he would like to voluntarily dismiss this action pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure, and such a dismissal will not count as a "strike" under 28 U.S.C. § 1915(g).

(4) Failure to comply with these deadlines may result in AUTOMATIC DISMISSAL of this suit without further notice, and Grindling may incur a strike under 28 U.S.C. § 1915(g).

(5) The Clerk is DIRECTED to send Grindling a blank prisoner civil rights complaint form so that he can comply with this order if he wants to pursue any of his claims.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 30, 2026.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge

**CHRIS GRINDLING VS. BEN LOWENTHAL;** *et al.***; CV 26-00345 LEK-RT; ORDER DISMISSING PRISONER CIVIL RIGHTS COMPLAINT WITH PARTIAL LEAVE TO AMEND**

16