IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHRIS GRINDLING, #26868-506,<br><br>Plaintiff,<br><br>vs.<br><br>BEN LOWENTHAL; *et al.*,<br><br>Defendants. | CIVIL NO. 26-00345 LEK-RT<br><br>ORDER DISMISSING SECOND AMENDED PRISONER CIVIL RIGHTS COMPLAINT WITH PARTIAL LEAVE TO AMEND |

**ORDER DISMISSING SECOND AMENDED PRISONER CIVIL RIGHTS COMPLAINT WITH PARTIAL LEAVE TO AMEND**

Before the Court is pro se Plaintiff Chris Grindling's Second Amended Prisoner Civil Rights Complaint (SAC). Dkt. No. 8. Grindling is a pretrial detainee at the Federal Detention Center in Honolulu, Hawaii (FDC Honolulu), who is awaiting trial in *United States v. Grindling*, No. 1:25-cr-00066-LEK (D. Haw.). *See id.* at pg. 1. Grindling alleges in the SAC that the United States, a probation officer, and two prison officials at FDC Honolulu violated his rights by arresting him "without probable cause while [he was] at [Sand Island Treatment Center]" (Count I), denying him a "bottom bunk memo" (Count II), and denying

him access to certain "legal books" (Count III).[1] Dkt. No. 6 at pgs. 3–6. After conducting the screening required by 28 U.S.C. § 1915A(b), the Court DISMISSES the SAC with partial leave to amend.

## I. BACKGROUND

Grindling alleges the following facts in the SAC, which the Court accepts as true for the purposes of screening. *See Nordstrom v. Ryan*, 762 F.3d 903, 906 (9th Cir. 2014). At some unspecified time, Probation Officer Patrick arrested Grindling without probable cause while he was at the Sand Island Treatment Center. Dkt. No. 8 at pg. 3.

Since September 2025, Grindling has "limp[ed] around" FDC Honolulu. *Id.* at pg. 5. Grindling is "overweight" and in "poor health," but he was denied a "bottom bunk memo" at FDC Honolulu because of an unspecified policy implemented by Warden Dosonj. *Id.* At some point, Grindling fell to the ground when his knee "gave out." *Id.* Grindling now has a bottom bunk memo, but his knee injury has gone untreated. *Id.* at pg. 6.

According to Grindling, Warden Dosonj also implemented an unspecified policy that has denied him access to certain "legal books." *Id.* at pg. 7. Grindling ordered books twice, but they never arrived. *Id.*

---

[1] Grindling names Defendants Probation Officer Erin Patrick, Unit Manager Kealanui, and Warden Dosonj in both their individual and official capacities. Dkt. No. 8 at pgs. 1–2. He also names as a Defendant the United States of America. *Id.* at pg. 1.

Grindling commenced this action after signing the original Complaint on July 4, 2026. Dkt. No. 1. The Court dismissed the Complaint on July 30, 2026. Dkt. No. 5. In doing so, the Court explained that Grindling could not assert claims under 42 U.S.C. § 1983 against federal officials. *Id.* at pgs. 5–6. The Court further explained that Grindling's claims for money damages against individual federal officers in their individual capacities under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), could not proceed as initially pleaded. *Id.* at pgs. 6–10. Finally, the Court warned Grindling that any amended pleading would need to satisfy the joinder rules under the Federal Rules of Civil Procedure. *Id.* at pgs. 12–13.

The Court received the FAC on August 10, 2026. Dkt. No. 6. In the FAC, Grindling alleged that Probation Officer Patrick, Unit Manager Kealanui, and Warden Dosonj violated his rights by falsely imprisoning him, forcing him to sleep on the floor, and denying him a "bottom bunk memo." *Id.* at pgs. 4–6. The Court dismissed the FAC on September 2, 2026. Dkt. No. 7. The Court again explained that Grindling could not assert claims against federal officials under 42 U.S.C. § 1983. *Id.* at pgs. 5–6. To the extent Grindling sought to pursue claims under the FTCA, the Court explained, among other things, that Grindling failed to show that he had exhausted his claim for damages with the appropriate federal agency. *Id.* at pgs. 6–8. Finally, the Court concluded that Grindling failed to state a plausible

claim for damages under *Bivens* against Unit Manager Kealanui in her individual capacity. *Id.* at pgs. 8–11.

The Court received the SAC on September 17, 2026. Dkt. No. 8. In the SAC, Grindling states that he is bringing claims for damages under 42 U.S.C. § 1983, *Bivens*, and the FTCA, *id.* at pg. 1, and a claim for injunctive relief, *id.* at pg. 7. He names as Defendants the United States, Probation Officer Patrick, Unit Manager Kealanui, and Warden Dosonj. *Id.* Grindling alleges that Defendants violated his rights by arresting him "without probable cause while [he was] at [Sand Island Treatment Center]" (Count I), denying him a "bottom bunk memo" (Count II), and denying him access to certain "legal books" (Count III). *Id.* at pgs. 3–6. Grindling seeks injunctive relief in connection with Count III and unspecified damages based on his other claims. *Id.* at pg. 3–8.

## II. STATUTORY SCREENING

Pursuant to 28 U.S.C. § 1915A(a), the Court is required to screen all prisoner pleadings against government officials. *See Byrd v. Phx. Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018). Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed. 28 U.S.C. § 1915A(b); *see Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under 28 U.S.C. § 1915A(a) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6). *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam). Under this standard, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. *See id.*

In conducting this screening, the Court liberally construes pro se litigants' pleadings and resolves all doubts in their favor. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). The Court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint. *See Lopez*, 203 F.3d at 1130. When a claim cannot be saved by amendment, dismissal with prejudice is appropriate. *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## III. DISCUSSION

### A. Legal Framework for Claims under 42 U.S.C. § 1983

Grindling again marks a box indicating that some of his claims are based, at least in part, on 42 U.S.C. § 1983. ECF No. 8 at pg. 1.

"Section 1983 provides a cause of action against '[e]very person who, under color of' law deprives another of 'rights, privileges, or immunities secured by the Constitution.'" *Cornel v. Hawaii*, 37 F.4th 527, 531 (9th Cir. 2022) (quoting 42 U.S.C. § 1983) (alteration in original). To state a claim under 42 U.S.C. §1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Park v. City & County of Honolulu*, 952 F.3d 1136, 1140 (9th Cir. 2020).

To the extent the events described in the SAC occurred while Grindling was a federal pretrial detainee, and he seeks to assert claims against federal officials, as the Court has already explained, he cannot rely on 42 U.S.C. § 1983. *Morse v. N. Coast Opportunities, Inc.*, 118 F.3d 1338, 1343 (9th Cir. 1997) ("[B]y its very terms, § 1983 precludes liability in federal government actors."); *Grindling v. Spears*, No. CV 26-00139 LEK-WRP, 2026 WL 1363072, at *2–3 (D. Haw. May 15, 2026). Any claims brought under 42 U.S.C. § 1983 remain DISMISSED with prejudice.

**B. Federal Tort Claims Act**

Grindling states that Counts I and II are brought, in part, against the United States under the FTCA. Dkt. No. 6 pgs. 3, 5.

The FTCA grants the court jurisdiction over civil actions for money damages for negligent or wrongful acts or omissions of government employees acting in the scope of employment "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1); *Esquivel v. United States*, 21 F.4th 565, 572–73 (9th Cir. 2021).

The only proper defendant in an action brought under the FTCA is the United States. *See Kennedy v. U.S. Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998) (per curiam) ("[T]he United States is the only proper party defendant in an FTCA action."); *FDIC v. Craft*, 157 F.3d 697, 706 (9th Cir. 1998) ("The FTCA is the exclusive remedy for tortious conduct by the United States, and it only allows claims against the United States.").

Additionally, a tort action cannot be brought against the United States "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a); *Redlin v. United States*, 921 F.3d 1133, 1136 (9th Cir. 2019). An administrative claim is deemed exhausted once the relevant agency finally denies it in writing, or if the agency fails to make a final disposition of the claim within six months of the claim's

filing. 28 U.S.C. § 2675(a); *D.L. by and through Junio v. Vassilev*, 858 F.3d 1242, 1244 (9th Cir. 2017).

This exhaustion requirement "is a jurisdictional prerequisite to the bringing of a suit under the FTCA . . . and, as such, should be affirmatively alleged in the complaint." *Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980). "A district court may dismiss a complaint for failure to allege this jurisdictional prerequisite." *Id.*; *see also Hoapili v. Enoki*, Civ. No. 17-00384 SOM-KJM, 2017 WL 4106074, at *1 (D. Haw. Sept. 12, 2017) (concluding that possible claim under the FTCA was deficient because pleading failed to allege exhaustion of administrative remedies).

Grindling again does not allege in the SAC that he exhausted his administrative remedies prior to filing this lawsuit. Although Grindling suggests that he raised concerns relating to his claims in earlier legal proceedings and on appeal to the Ninth Circuit, and through the inmate grievance process, he does not allege that he ever presented a claim for damages to the "appropriate Federal agency." Moreover, even if the SAC included such an allegation, Grindling has not shown that his administrative claim was ever denied or that six months have passed since it was filed. All Grindling's FTCA claims in Counts I and III are therefore DISMISSED with leave to amend. *See Mendoza v. United States*, 661 F. App'x 501, 501–02 (9th Cir. 2016) ("The district court properly dismissed [former

federal prisoner's] FTCA claim for lack of subject matter jurisdiction because [he] failed to allege administrative exhaustion under the FTCA.").

## C. *Bivens*

In Counts, I and II, Grindling also appears to seek damages against Probation Officer Patrick, Unit Manager Kealanui, and Warden Dosonj in their individual capacities under *Bivens*. Dkt. No. 8 at pgs. 3, 5.

### 1. Framework for Analyzing *Bivens* Claims

In *Bivens*, the Supreme Court recognized a cause of action for damages against federal officials in their individual capacities who violate a person's constitutional rights. The Supreme Court has said, however, that recognizing such a cause of action is now a "disfavored judicial activity." *Egbert v. Boule*, 596 U.S. 482, 491 (2022) (internal quotation marks and citation omitted).

In *Bivens* cases, the Court applies a two-step framework to decide whether a remedy exists. At step one, the Court asks "whether the case presents 'a new *Bivens* context'—*i.e.*, is it 'meaningful[ly]' different from the three cases in which the Court has implied a damages action."[2] *Egbert,* 596 U.S. at 492 (quoting *Ziglar*

[2] In *Bivens*, the Court held that a plaintiff could seek damages from Federal Bureau of Narcotics agents who allegedly violated the Fourth Amendment right to be free from unreasonable searches and seizures. 403 U.S. at 397. The Court extended the *Bivens* remedy in *Davis v. Passman*, where a plaintiff alleged that her employer, a Member of Congress, had discriminated against her because of her sex, in violation of the Due Process Clause of the Fifth Amendment. 442 U.S. 228, 230–31 (1979). Finally, in *Carlson v. Green*, the Court held that the estate of a deceased inmate could seek damages from federal prison officials who allegedly violated the inmate's Eighth Amendment right to be free from cruel and unusual punishment by

*v. Abbasi*, 582 U.S. 120, 139–40 (2017)) (alteration in original). If a case presents a new context, the Court proceeds to the second step. At step two, the Court asks whether "there are 'special factors' indicating that the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed.'" *Egbert*, 596 U.S. at 492 (quoting *Ziglar*, 582 U.S. at 135–36). "If there is even a single 'reason to pause before applying *Bivens* in a new context,' a court may not recognize a *Bivens* remedy." *Egbert*, 596 U.S. at 492 (quoting *Hernandez v. Mesa*, 589 U.S. 93, 103 (2020)).

**2. Unreasonable Seizure (Count I)**

Grindling alleges in Count I that Probation Officer Patrick arrested him without probable cause at Sand Island Treatment Center on an unspecified date. Dkt. No. 8 at pgs. 3–4. Even assuming Grindling alleges sufficient facts in Count I to satisfy Rule 8 of the Federal Rules of Civil Procedure, his *Bivens* claim against Probation Officer Patrick cannot proceed.

The Supreme Court has never held that a *Bivens* remedy is available against a U.S. Probation and Pretrial Services officer—that is, an employee of the Federal Judiciary. Thus, Grindling's claim in Count I arises in a new context. *See Massaquoi v. Fed. Bureau of Investigation*, No. 22-55448, 2023 WL 5426738, at

---

failing to treat severe asthma that ultimately resulted in the prisoner's death. 446 U.S. 14, 16–18 (1980).

*2 (9th Cir. Aug. 23, 2023) (affirming dismissal of *Bivens* claim, in part, because "claim involves a new category of defendants"); *see also McDowell v. Unknown Fed. Agent*, No. 3:24-cv-05768-KKE-DWC, 2024 WL 4336430, at *2 (W.D. Wash. Sept. 27, 2024) ("It appears Plaintiff's claim, which alleges unlawful seizure by federal probation officers in the context of postconviction supervision, would require application of *Bivens* to a new context."); *Manansingh v. United States*, 752 F. Supp. 3d 1221, 1228 (D. Nev. 2024) ("[T]his case involves probation officers that, as Judiciary employees, present 'new actors.'"), *motion to certify appeal denied*, No. 2:20-cv-01139-DWM, 2024 WL 4647707 (D. Nev. Oct. 31, 2024).

Because Grindling's claim against Probation Officer Patrick in Count I arises in a new context, the Court proceeds to step two. The Court concludes that at least one special factor counsels against recognizing a *Bivens* remedy here because Congress also created an alternative remedial scheme by enacting the FTCA. As the Supreme Court has stated, even a single alternative remedy is sufficient to foreclose a *Bivens* remedy. *Egbert*, 596 U.S. at 493 ("[A] court may not fashion a *Bivens* remedy if Congress already has provided . . . 'an alternative remedial structure.'"). Thus, the court cannot "second-guess" the judgments made by Congress and the Executive "by superimposing a *Bivens* remedy." *Id.* at 498; *see also MT v. United States*, No. 3:22-cv-00171-BEN-KSC, 2023 WL 2468948,

2023 WL 2468948, at *13 (S.D. Cal. Mar. 10, 2023) ("[T]he alternative remedy available through the FTCA constitutes a special factor that forecloses Plaintiffs' *Bivens* claim.").

As the Supreme Court has stated, "in all but the most unusual circumstances, prescribing a cause of action is a job for Congress, not the courts." *Egbert*, 596 U.S. at 486. This case does not present the unusual circumstances required to recognize a *Bivens* remedy. Grindling's *Bivens* claim against Probation Officer Patrick in Count I is therefore DISMISSED with prejudice.

**3. Denial of Adequate Medical Care (Count II)**

To the extent Grindling seeks damages in Count II against Unit Manager Kealanui and Warden Dosonj in their individual capacities based on an alleged failure to provide adequate medical care, Dkt. No. 8 at pgs. 5–6, such claims would arise under the Fifth Amendment's Due Process Clause, not the Eighth Amendment. *See Toney v. Williams*, No. 3:18-cv-2786-WQH-KSC, 2020 WL 1912168, at *5 (S.D. Cal. Apr. 20, 2020) ("Because Plaintiff is a pre-trial detainee alleging that federal officials violated his right[] to medical care . . . his claims arise under the Fifth, not the Eighth Amendment.").

Neither the Supreme Court nor the Ninth Circuit has addressed whether a *Bivens* remedy is available for an alleged Fifth Amendment violation based on the denial of adequate medical care to a pretrial detainee, and courts have reached

different conclusions on the issue. *Compare Johnson v. Terry*, 119 F.4th 840 (11th Cir. 2024) (concluding that no *Bivens* remedy is available for a pretrial detainee's medical-care claims), *cert. denied*, 146 S. Ct. 101 (2025), *with Watkins v. Mohan*, 144 F.4th 926 (7th Cir. 2025) (allowing *Bivens* claims to proceed based, in part, on medical care provided during pretrial detention). Even assuming the existence of such a *Bivens* remedy, Grindling has not stated a plausible claim for relief. *See Self v. Warden, MCC*, No. 3:18-cv-1451-LAB-MDD, 2019 WL 497731, at *4 n.4 (S.D. Cal. Feb. 8, 2019) (assuming on screening that *Bivens* remedy is available for pretrial detainee's medical care claims).

To prevail on a claim of inadequate medical care under the Due Process Clause of the Fifth Amendment, a detainee must show: (1) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the defendant caused the plaintiff's injuries. *Mendoza v. Barr*, No. cv-20-00514-PHX-SPL (MTM), 2020 WL 3249021, at *3 (D. Ariz. June 16, 2020) (quoting *Gordon v. County of Orange*, 888 F.3d 1118, 1124–25 (9th Cir. 2018)).

Although Grindling alleges that he has "limp[ed] around" FDC Honolulu since September 2025, and he was denied a "bottom bunk memo" at some point, Dkt. No. 8 at pg. 5, he does not say how Warden Dosonj's alleged policy applied to him, how that policy put him at substantial risk of suffering serious harm, whether he ever asked for an exception to the policy, and how Warden Dosonj's actions caused his injuries. Similarly, Grindling does not say what intentional decision Unit Manager Kealanui made, how that decision put him at substantial risk of suffering serious harm, what steps Unit Manager Kealanui could have taken to abate any risk, and how failing to do so caused Grindling's injuries. Indeed, Grindling does not say when he ever communicated with Unit Manager Kealanui, what he said while doing so, or how Unit Manager Kealanui responded. Without additional factual allegations, Grindling's Fifth Amendment *Bivens* claim based on a denial of adequate medical care, to the extent such a remedy exists, cannot proceed. These claims are again DISMISSED with leave to amend.

**D. Injunctive Relief**

Grindling alleges in Count III that he is seeking a "First Amendment Injunction" because Warden Dosonj implemented a policy that prevented him from receiving certain "legal books." Dkt. No. 8 at pg. 7.

In some circumstances, a plaintiff may file a non-*Bivens* action to stop ongoing constitutional violations. *See Bacon v. Core Civic*, No. 2:20-cv-00914-

JAD-VCF, 2020 WL 3100827, at *6 (D. Nev. June 10, 2020) (footnote omitted). For example, injunctive relief might be available where a plaintiff: (1) invokes jurisdiction under 28 U.S.C. § 1331; (2) alleges facts sufficient to state a colorable ongoing constitutional claim; (3) sues and identifies the person who would be responsible for carrying out any order for injunctive relief; and (4) requests particular injunctive relief that is specifically and narrowly targeted to resolving the ongoing violation. *See id.*

As relevant here, "[p]ublishers have a First Amendment right to communicate with prisoners by mail, and inmates have a First Amendment right to receive this mail." *Hum. Rts. Def. Ctr., Inc. v. Uttecht*, 161 F.4th 1141, 1152 (9th Cir. 2025) (cleaned up). A prison may adopt regulations or practices for incoming mail which impinge on a prisoner's First Amendment rights, however, if the regulations are "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987).

Isolated incidents of lost mail, while unfortunate, are not enough to state a First Amendment claim. *Cf. Lopez v. Jaquez*, No. C 11-2682 SBA (pr), 2012 WL 2930774, at *2 (N.D. Cal. July 18, 2012) ("Although intentional interference with the processing of inmate mail may state a claim under § 1983, the alleged isolated instances of possible interference here are insufficient to state a claim for which relief may be granted."); *Musquez v. Sepulveda*, No. C 07-5966 VRW (PR), 2008

WL 2811503, at *1 (N.D. Cal. July 17, 2008) ("Although unfortunate, these few instances of lost mail do not amount to more than isolated incidents insufficient to state a First Amendment claim of mail interference.").

Here, Grindling does not identify or describe the alleged policy implemented by Warden Dosonj that has prevented him from receiving certain "legal books." Assuming the existence of such a policy, Grindling also does not explain why that policy is not reasonably related to legitimate penological interests. Nor has Grindling identified "specifically and narrowly tailored relief" to address the alleged violation of his rights.

Any claims for injunctive relief in Count III are therefore also DISMISSED with leave to amend.

**E. Joinder**

If Grindling chooses to file an amended pleading, he is reminded that any such pleading must comply with the Federal Rules of Civil Procedure's joinder rules.

When a single defendant is named in a lawsuit, a party may bring as many claims as it has against that defendant. Fed. R. Civ. P. 18(a). "To name different defendants in the same lawsuit, however, a plaintiff must satisfy Rule 20, governing joinder of parties." *Weeks v. Espinda*, No. CIV 10-00305 JMS/KSC, 2010 WL 2218631, at *3 (D. Haw. June 2, 2010). Rule 20(a)(2) allows multiple

defendants to be joined in one action only if (1) any right to relief is asserted against them jointly, severally, or with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(2)(A), (B). "Unrelated claims involving different defendants belong in different suits." *What v. Honolulu Police Dep't*, No. CIV. 13-00373 HG-RLP, 2014 WL 176610, at *4 (D. Haw. Jan. 13, 2014).

If Grindling decides to file an amended complaint, he should make clear the connection, if any, between any included claims. Grindling may state several claims against a single defendant. Fed. R. Civ. P. 18. He may also add any additional claims against other defendants, if those claims arise from the same transaction, occurrence, or series of transactions as his original claim. Fed. R. Civ. P. 20(a)(2). Grindling may not, however, pursue a combination of unrelated claims in a single suit. *See Char v. Kaiser Hosp.*, No. CV 18-00345 JAO-RLP, 2019 WL 80890, at *3 (D. Haw. Jan. 2, 2019) ("Unrelated claims involving different defendants must be brought in separate actions."). The fact that Grindling's various claims are all based on events that occurred at FDC Honolulu, without more, is not enough to join them in a single lawsuit. *See Woolen v. Ramos*, No. CV 24-00158 LEK-KJM, 2024 WL 3361116, at *4 (D. Haw. July 10,

2024). An attempt to join claims that are not permitted by the Federal Rules of Civil Procedure will result in those claims being dismissed as improperly joined.

## IV. LEAVE TO AMEND

The SAC, Dkt. No. 8, is DISMISSED with partial leave to amend. Grindling must file any amended pleading on or before **October 22, 2026**. Grindling may not expand his claims beyond those already alleged herein or add new claims without explaining how any new claims relate to the claims alleged in the SAC. Claims that do not properly relate to those in the SAC are subject to dismissal.

Grindling must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii. Local Rule 10.4 requires that an amended complaint be complete in itself, without reference to any prior pleading. An amended complaint must be short and plain, comply with Rule 8 of the Federal Rules of Civil Procedure, and be submitted on the Court's prisoner civil rights form. *See* LR99.2(a). An amended complaint will supersede the preceding complaint. *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Defendants not renamed and claims not realleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012).

## V. <u>28 U.S.C. § 1915(g)</u>

If Grindling fails to file an amended complaint or is unable to amend his claims to cure their deficiencies, this dismissal may count as a "strike" under 28 U.S.C. §1915(g). Under this "3-strikes" provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.
>
> 28 U.S.C. § 1915(g).

## VI. <u>CONCLUSION</u>

(1) The Court DISMISSES the SAC, Dkt. No. 8, with partial leave to amend.

(2) If Grindling wants to proceed with this action, he must file an amended pleading that cures the noted deficiencies in his claims on or before **October 22, 2026**.

(3) ALTERNATIVELY, instead of filing an amended pleading, Grindling may inform the Court in writing on or **October 22, 2026**, that he would like to voluntarily dismiss this action pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure, and such a dismissal will not count as a "strike" under 28 U.S.C. § 1915(g).

(4) Failure to comply with these deadlines may result in AUTOMATIC DISMISSAL of this suit without further notice, and Grindling may incur a strike under 28 U.S.C. § 1915(g).

(5) The Clerk is DIRECTED to send Grindling a blank prisoner civil rights complaint form so that he can comply with this order if he wants to pursue any of his claims.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 22, 2026.

/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge

**<u>CHRIS GRINDLING VS. BEN LOWENTHAL; *et al.*</u>; CV 26-00345 LEK-RT; ORDER DISMISSING SECOND AMENDED PRISONER CIVIL RIGHTS COMPLAINT WITH PARTIAL LEAVE TO AMEND**