IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHRIS GRINDLING, #26868-506,<br><br>Plaintiff,<br><br>vs.<br><br>BEN LOWENTHAL; *et al.*,<br><br>Defendants. | CIVIL NO. 26-00345 LEK-RT<br><br>ORDER DISMISSING THIRD AMENDED PRISONER CIVIL RIGHTS COMPLAINT AND ACTION |

**ORDER DISMISSING THIRD AMENDED PRISONER CIVIL RIGHTS COMPLAINT AND ACTION**

Before the Court is pro se Plaintiff Chris Grindling's Third Amended Prisoner Civil Rights Complaint (TAC). Dkt. No. 13. Grindling is a pretrial detainee at the Federal Detention Center in Honolulu, Hawaii (FDC Honolulu), who is awaiting trial in *United States v. Grindling*, No. 1:25-cr-00066-LEK (D. Haw.). *See id.* at pg. 1. In the TAC, Grindling asserts a variety of claims related to his ongoing criminal case. Specifically, Grindling alleges that his stand-by counsel and a federal prosecutor conspired to violate his rights (Count I), and a federal probation officer and other federal law enforcement officers violated his rights by

arresting him (Count II).[1] Dkt. No. 13 at pgs. 3–10. After conducting the screening required by 28 U.S.C. § 1915A(b), the Court DISMISSES the TAC and this action.

## I. BACKGROUND

Grindling alleges the following facts in the SAC, which the Court accepts as true for the purposes of screening. *See Nordstrom v. Ryan*, 762 F.3d 903, 906 (9th Cir. 2014). Probation Officer Patrick and an unspecified number of unnamed deputy U.S. Marshals arrested Grindling relying on "made up created manufactured evidence." Dkt. No. 13 at pg. 7. Grindling denies ever having sold methamphetamine to a minor near a school. *Id.* Instead, Grindling says, the real dealer was another man. *Id.* According to Grindling, the federal law enforcement officers engaged in a "cover up" to allow this other man to continue selling methamphetamine. *Id.* at pg. 9.

During his ongoing federal criminal case, Grindling alleges that his stand-by counsel Ben Lowenthal and AUSA Gregg Yates conspired to violate his rights. *Id.* at pg. 3. According to Grindling, Lowenthal did not contact any witnesses, secure documents, or file any motions. *Id.*

[1] Grindling lists as Defendants Ben Lowenthal, unnamed deputy U.S. Marshals, Probation Officer Erin Patrick, and Assistant United States Attorney (AUSA) Gregg Yates. Dkt. No. 13 at pg. 1. Grindling names all the Defendants in both their individual and official capacities. *Id.* at pgs. 1–2.

Grindling commenced this action after signing the original Complaint on July 4, 2026. Dkt. No. 1. The Court dismissed the Complaint on July 30, 2026. Dkt. No. 5. In doing so, the Court explained that Grindling could not assert claims under 42 U.S.C. § 1983 against federal officials. *Id.* at pgs. 5–6. The Court further explained that Grindling's claims for money damages against individual federal officers in their individual capacities under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), could not proceed as initially pleaded. *Id.* at pgs. 6–10. Finally, the Court warned Grindling that any amended pleading would need to satisfy the joinder rules under the Federal Rules of Civil Procedure. *Id.* at pgs. 12–13.

The Court received the First Amended Complaint (FAC) on August 10, 2026. Dkt. No. 6. In the FAC, Grindling alleged that Probation Officer Patrick and prison officials violated his rights by falsely imprisoning him, forcing him to sleep on the floor, and denying him a "bottom bunk memo." *Id.* at pgs. 4–6. The Court dismissed the FAC on September 2, 2026. Dkt. No. 7. The Court again explained that Grindling could not assert claims against federal officials under 42 U.S.C. § 1983. *Id.* at pgs. 5–6. To the extent Grindling sought to pursue claims under the Federal Tort Claims Act (FTCA), the Court explained, among other things, that Grindling failed to show that he had exhausted his claims with the appropriate federal agency. *Id.* at pgs. 6–8. Finally, the Court concluded that

Grindling failed to state a plausible claim for damages under *Bivens*. *Id.* at pgs. 8–11.

The Court received the Second Amended Complaint (SAC) on September 17, 2026. Dkt. No. 8. In the SAC, Grindling alleged that various individuals defendants violated his rights by arresting him without probable cause while he was at Sand Island Treatment Center, denying him a "bottom bunk memo," and denying him access to certain "legal books.". *Id.* at pgs. 3–6. The Court dismissed the SAC on September 22, 2026. Dkt. No. 9. In doing so, the Court again explained that Grindling could not rely on 42 U.S.C. § 1983 to assert claims against federal officials. *Id.* at pgs. 5–6. The Court also explained that Grindling could not pursue FTCA claims without showing that he had exhausted his administrative remedies. *Id.* at pgs. 6–9. Finally, the Court dismissed Grindling's various *Bivens* claims and claims for injunctive relief, and the Court warned Grindling that any amended claims had to satisfy the joinder rules. *Id.* at pgs. 9 – 18.

The Court received the TAC on October 22, 2026. Dkt. No. 13. In the TAC, Grindling asserts claims focused entirely on his pending federal criminal case. He alleges that Lowenthal and AUSA Yates conspired to violate his rights (Count I), and Probation Officer Patrick and unnamed deputy U.S. Marshals violated his rights by arresting him based on "made up created manufactured

evidence" (Count II). *Id.* at pgs. 3–10. Grindling seeks injunctive relief and damages totaling one million dollars. *Id.* at pg. 11.

## II. STATUTORY SCREENING

Pursuant to 28 U.S.C. § 1915A(a), the Court is required to screen all prisoner pleadings against government officials. *See Byrd v. Phx. Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018). Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed. 28 U.S.C. § 1915A(b); *see Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under 28 U.S.C. § 1915A(a) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6). *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam). Under this standard, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. *See id.*

In conducting this screening, the Court liberally construes pro se litigants' pleadings and resolves all doubts in their favor. *See Hebbe v. Pliler*, 627 F.3d 338,

342 (9th Cir. 2010) (citations omitted). The Court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint. *See Lopez*, 203 F.3d at 1130. When a claim cannot be saved by amendment, dismissal with prejudice is appropriate. *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## III. DISCUSSION

### A. *Bivens* claims

In *Bivens*, the Supreme Court recognized a cause of action for damages against federal officials in their individual capacities who violate a person's constitutional rights. The Supreme Court has said, however, that recognizing such a cause of action is now a "disfavored judicial activity." *Egbert v. Boule*, 596 U.S. 482, 491 (2022) (internal quotation marks and citation omitted).

In *Bivens* cases, the Court applies a two-step framework to decide whether a remedy exists. At step one, the Court asks "whether the case presents 'a new *Bivens* context'—*i.e.*, is it 'meaningful[ly]' different from the three cases in which the Court has implied a damages action."[2] *Egbert,* 596 U.S. at 492 (quoting *Ziglar*

[2] In *Bivens*, the Court held that a plaintiff could seek damages from Federal Bureau of Narcotics agents who allegedly violated the Fourth Amendment right to be free from unreasonable searches and seizures. 403 U.S. at 397. The Court extended the *Bivens* remedy in *Davis v. Passman*, where a plaintiff alleged that her employer, a Member of Congress, had discriminated against her because of her sex, in violation of the Due Process Clause of the Fifth Amendment. 442 U.S. 228, 230–31 (1979). Finally, in *Carlson v. Green*, the Court held that the estate of a deceased inmate could seek damages from federal prison officials who allegedly violated the inmate's Eighth Amendment right to be free from cruel and unusual punishment by

*v. Abbasi*, 582 U.S. 120, 139–40 (2017)) (alteration in original). If a case presents a new context, the Court proceeds to the second step. At step two, the Court asks whether "there are 'special factors' indicating that the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed.'" *Egbert*, 596 U.S. at 492 (quoting *Ziglar*, 582 U.S. at 135–36). "If there is even a single 'reason to pause before applying *Bivens* in a new context,' a court may not recognize a *Bivens* remedy." *Egbert*, 596 U.S. at 492 (quoting *Hernandez v. Mesa*, 589 U.S. 93, 103 (2020)).

**1. No *Bivens* remedy is available for Grindling's claims against Lowenthal and AUSA Yates**

In Count I, Grindling alleges that stand-by counsel Ben Lowenthal and AUSA Yates violated his rights during his pending federal criminal case. Dkt. No. 13 at pgs. 3–6.

Any *Bivens* claims against Lowenthal cannot proceed because, as Grindling's stand-by counsel, he does not act under color of federal law. *See Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982) (holding that court-appointed counsel "does not act under color of federal law in performing . . . functions as a lawyer to an indigent defendant in a federal criminal proceeding"); *Sullivan v.*

failing to treat severe asthma that ultimately resulted in the prisoner's death. 446 U.S. 14, 16–18 (1980).

*Barbee*, No. CV 22-00464, 2022 WL 17340342, at *3 (D. Haw. Nov. 30, 2022) (same).

Likewise, any *Bivens* claims against AUSA Yates must be dismissed because they both are barred on absolute immunity grounds and fail to state a plausible claim for relief. *See Bhatia v. Corrigan*, 376 F. App'x 796, 797 (9th Cir. 2010) ("The district court properly dismissed [plaintiff's] *Bivens* claims against defendant Assistant United States Attorney . . . on absolute immunity grounds because [the AUSA's] alleged misconduct was intimately associated with the judicial phase of the criminal process." (cleaned up)).

Grindling's claims for money damages against Lowenthal and AUSA Yates are DISMISSED with prejudice.

**2. Grindling's claims against Probation Officer Patrick and the deputy U.S. Marshals are barred by *Heck***

In Count II, Grindling alleges that Probation Officer Patrick and unnamed deputy U.S. Marshals violated his rights based on events that allegedly occurred in connection with Grindling's ongoing federal criminal case. Dkt. No. 13 at pgs. 7–10.

The Supreme Court held in *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), that in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff pursuing

claims under 42 U.S.C. § 1983 must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

Although *Heck* involved claims against state officials under 42 U.S.C. § 1983, the Ninth Circuit has held that the same "favorable termination" rule applies to claims against federal officers under *Bivens*. *Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996).

Here, even assuming the existence of a *Bivens* remedy based on the allegations in the TAC against Probation Officer Patrick and the unnamed deputy U.S. Marshals, a judgment in Grindling's favor on such claims would necessarily imply the invalidity of any possible conviction and sentence in his ongoing federal criminal case. Because of this, any such claims cannot be pursued at this time. *See Gowadia v. Internal Revenue Serv.*, No. 1:19-cv-00090, 2019 WL 1140174, at *2–3 (D. Haw. Mar. 12, 2019).

Grindling's claims for money damages against Probation Officer Patrick and the deputy U.S. Marshals are DISMISSED without prejudice.

**B. Injunctive Relief**

Grindling also requests injunctive relief. Dkt. No. 13 at pg. 11. Specifically, he seeks an order requiring "counsel [to] provide [him] with [his] case file." *Id.*

In some circumstances, a plaintiff may file a non-*Bivens* action to stop ongoing constitutional violations. *See Bacon v. Core Civic*, No. 2:20-cv-00914-JAD-VCF, 2020 WL 3100827, at *6 (D. Nev. June 10, 2020) (footnote omitted). For example, injunctive relief might be available where a plaintiff: (1) invokes jurisdiction under 28 U.S.C. § 1331; (2) alleges facts sufficient to state a colorable ongoing constitutional claim; (3) sues and identifies the person who would be responsible for carrying out any order for injunctive relief; and (4) requests particular injunctive relief that is specifically and narrowly targeted to resolving the ongoing violation. *See id.*

Here, Grindling fails to allege sufficient facts sufficient to state a colorable ongoing constitutional claim. Moreover, to the extent Grindling seeks the "case file" in his criminal case, he should seek relief in that case.

## IV. LEAVE TO AMEND

Ordinarily, the Court permits pro se plaintiffs leave to amend where doing so would allow plaintiffs to cure the identified deficiencies in a pleading. *See* Fed. R. Civ. P. 15(a)(2). But a court has the discretion to deny leave to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated

failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (citation modified).

Here, the Court has already given Grindling three opportunities to amend his pleading. The Court explained in its prior orders how Grindling could cure the identified deficiencies in his prior pleadings, so that he would be able to fix those issues via amendment. But Grindling's TAC suffers from many of the same flaws as his earlier pleadings. Because Grindling already had three opportunities to amend his claims after receiving ample guidance from the Court, and has still failed to cure the identified deficiencies, the Court denies further leave to amend.

## V. 28 U.S.C. § 1915(g)

Grindling is notified that this dismissal may count as a "strike" under 28 U.S.C. § 1915(g). Under this "3-strikes" provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## VI. CONCLUSION

(1) The TAC, ECF No. 13, is DISMISSED. Grindling's claims against Lowenthal and AUSA Yates in Count I are DISMISSED, and his claims against Probation Officer Patrick and the unnamed deputy U.S. Marshals are DISMISSED without prejudice.

(2) Because Grindling was unable to state a colorable claim for relief—despite explicit guidance from the Court on how to do so—the Court finds that granting further leave to amend is not warranted. The TAC is therefore DISMISSED without leave to amend.

(3) Grindling is NOTIFIED that this dismissal may count as a strike under 28 U.S.C. § 1915(g).

(4) The Clerk is DIRECTED to enter judgment and close this case.

IT IS SO ORDERED.

DATED: October 28, 2026 at Honolulu, Hawai‘i.

/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge